Thomas P. Riley, SBN 194706
LAW OFFICES OF THOMAS P. RILEY, P.C.
First Library Square
1114 Fremont Avenue
South Pasadena, CA 91030-3227

Tel: 626-799-9797
Fax: 626-799-9795
TPRLAW@att.net

Attorneys for Plaintiff
KingVision Pay-Per-View, Ltd.



UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KINGVISION PAY-PER-VIEW, LTD., <br><br> Plaintiff, <br><br> vs. <br><br> ALFONSO VALENCIA GUTIERREZ and NOEMI GUTIERREZ, INDIVIDUALLY and d/b/a PONCHO'S TACO SHOP, <br><br> Defendants. | Case No. '08 CV 0849 J AJB <br><br> COMPLAINT FOR DAMAGES <br><br> DESIGNATION: PROPERTY RIGHTS |

PLAINTIFF ALLEGES:

### JURISDICTION

1.   Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, Title 47 U.S.C. 605, *et seq.,* and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, Title 47 U.S. Section 553, *et seq.*

///

///

2. This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3. This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial domestic distributor of the televised fight program hereinafter set forth at length. The Defendants' wrongful acts consisted of the interception, publication, and tortious conversion of said property of Plaintiff within the control of the Plaintiff in the State of California.

## VENUE

4. Pursuant to Title 47 U.S.C. Section 605, venue is proper in the Southern District of California, San Diego Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5. Assignment to the San Diego Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in San Diego County.

## THE PARTIES

6. The Plaintiff, KingVision Pay-Per-View, Ltd. is, and at all relevant times mentioned was, a Delaware corporation with its principal place of business located at 501 Fairway Drive, Deerfield Beach, Florida 33441.

///

///

7.  Plaintiff is informed and believes, and alleges thereon that defendant, Alfonso Valencia Gutierrez, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Poncho's Taco Shop operating at 1279 E. Main Street, El Cajon, California 92021.

8.  Plaintiff is informed and believes, and alleges thereon that defendant, Noemi Gutierrez, is an owner, and/or operator, and/or licensee, and/or permitee, and/or person in charge, and/or an individual with dominion, control, oversight and management of the commercial establishment doing business as Poncho's Taco Shop operating at 1279 E. Main Street, El Cajon, California 92021.

### COUNT I

**(Violation of Title 47 U.S.C. Section 605)**

9.  Plaintiff KingVision Pay-Per-View, Ltd., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length.

10. By contract, Plaintiff KingVision Pay-Per-View, Ltd., paid for and was thereafter granted the exclusive nationwide television distribution rights to *Felix "Tito" Trinidad v. Ronald "Winky" Wright Championship Fight Program* which took place on May 14, 2005 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

11. Pursuant to contract, Plaintiff KingVision Pay-Per-View, Ltd., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of California, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

///

12. As a commercial distributor of sporting events, including the Program, Plaintiff KingVision Pay-Per-View, Ltd., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at their El Cajon, California location (1279 E. Main Street, El Cajon, California 92021). Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14. Title 47 U.S.C. Section 605, *et seq.*, prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff KingVision Pay-Per-View, Ltd., had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 605, *et seq.*

16. By reason of the defendant's violation of Title 47 U.S.C. Section 605, *et seq.*, Plaintiff KingVision Pay-Per-View, Ltd., has the private right of action pursuant to Title 47 U.S.C. Section 605.

17. As the result of the aforementioned defendants' violation of Title 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff KingVision Pay-Per-View, Ltd., is entitled to the following from each defendant:

///

///

///

    (a)    Statutory damages for each willful violation in an amount to $100,000.00 pursuant to Title 47 U.S.C. 605(e)(3)(C)(ii), and also

    (b)    the recovery of full costs, including reasonable attorneys fees, pursuant to Title47 U.S.C. Section 605(e)(3)(B)(iii).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT II

### (Violation of Title 47 U.S.C. Section 553)

18. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by the above named defendants are prohibited by Title 47 U.S.C. Section 553 *et seq.*

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated Title 47 U.S.C. Section 553, *et seq.*

21. By reason of the defendant's violation of Title 47 U.S.C. Section 553, *et seq.*, Plaintiff KingVision Pay-Per-View, Ltd., has the private right of action pursuant to Title 47 U.S.C. Section 553.

22. As the result of the aforementioned defendant's violation of Title 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff KingVision Pay-Per-View, Ltd., is entitled to the following from each defendant:

///

///

(a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to Title 47 U.S.C. 553 (b)(2) and also

(b) the recovery of full costs pursuant to Title 47 U.S.C. Section 553 (c)(2)(C), and also

(c) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to Title 47 U.S.C. Section 553 (c)(2)(C).

**WHEREFORE, Plaintiff prays for judgment as set forth below.**

## COUNT III
### (Conversion)

23. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of the defendants were willful, malicious, and intentionally designed to harm Plaintiff KingVision Pay-Per-View, Ltd., and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff KingVision Pay-Per-View, Ltd., is entitled to both compensatory, as well as punitive damages, from aforementioned defendant as the result of the defendant's egregious conduct and conversion.

///

WHEREFORE, Plaintiff prays for judgment as set forth below.

**As to the First Count:**

1. For statutory damages in the amount of $100,000.00 against defendants, and each of them, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendants, and each of them, and;
2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;
4. For such other and further relief as this Honorable Court may deem just and proper.

///
///
///
///
///

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against defendants, and each of them and;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

Dated: 5/9/08

LAW OFFICES OF THOMAS P. RILEY, P.C.
By: Thomas P. Riley, Esquire
Attorneys for Plaintiff
KingVision Pay-Per-View, Ltd.

%JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**FILED MAY 12 2008 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY K~H DEPUTY**

## I. (a) PLAINTIFFS
KingVision Pay-Per-View, Ltd.

### DEFENDANTS
Alfonso Valencia Gutierrez, et al.

(b) County of Residence of First Listed Plaintiff: Delaware
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Law Offices of Thomas P. Riley, P.C.
1114 Fremont Avenue
South Pasadena, CA 91030    Tel.: 626-799-9797

Attorneys (If Known)

**'08 CV 0849 J AJB**

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 USC Sections 553 and 605

Brief description of cause:
Violation of Telecommunications Statues Title 47 USC Sections 553 and 605

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE ___   DOCKET NUMBER ___

DATE 5/9/08   SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT # 150825   AMOUNT $350 —   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___
PD 05/13/08

```
          UNITED STATES
          DISTRICT COURT
      SOUTHERN DISTRICT OF CALIFORNIA
            SAN DIEGO DIVISION

       # 150825      — MB

          May 13, 2008
            08:44:30


          Civ Fil Non-Pris
    USAO #.: 08CV0849 CIVIL FILING
    Judge..: NAPOLEON A JONES, JR
    Amount.:                $350.00 CK
    Check#.: BC57416



       Total-> $350.00


    FROM: KING VISION PAY-PER-VIEW LTD
          VS ALFONSO VALENCIA
          GUTIERREZ, ET AL
```